UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
INTERNATIONAL AUTO MART, et al.,

                    Plaintiffs,               **REPORT AND RECOMMENDATION**

    - v -

                                                      CV-07-2175 (FB)(VVP)

ELITE MOTOR GROUP CORP., et al.,

                    Defendants.
----------------------------------------------------------x

       I recommend that this action be dismissed without prejudice. The plaintiffs brought the action alleging fraud, breach of contract, conversion and unjust enrichment in connection with the plaintiffs' purchase of automobiles from the defendants. After discovery commenced, the individual defendant Alex Kortchmar, who is the principal of the corporate defendant Elite Motor Group Corp., was indicted on related fraud charges by the Kings County District Attorney. The parties agreed that the resolution of the criminal charges would likely resolve this civil action as well, and requested a suspension of proceedings while the prosecution proceeded. Several months after the suspension of proceedings, however, counsel for the plaintiffs, Raymond B. Grunewald, Esq., advised the court by letter dated October 31, 2008 that he was seriously ill and would not be able to continue to represent the plaintiffs. The court has been unable to make contact with Mr. Grunewald since that date despite telephone calls and notices to his office, and he failed to appear for a telephone conference in this matter on November 24, 2008.

       Accordingly, the court addressed a Memorandum and Order dated February 3, 2009 (the "M&O") to the individual plaintiff Michael Vilner[1] advising him of Mr. Grunewald's apparent inability and failure to prosecute the plaintiffs' claims. The M&O provided Vilner with time until March 31, 2009 either to have a new attorney file a notice of appearance, or to advise the court by letter that he wished to represent himself. The M&O further warned Mr. Vilner in uppercase, boldface type that a failure to exercise one of the two alternatives would result in dismissal of the action. No attorney has filed a notice of appearance, and the court has received

---

[1]Vilner is the owner of the plaintiff International Auto Mart, a sole proprietorship.

no communication whatsoever from Vilner. Since no one has stepped forward to prosecute this action, it should be dismissed.

The dismissal should be without prejudice, however, as there is at least some possibility that Vilner did not receive the M&O advising him of the situation. As the plaintiffs had been represented by counsel, there was no address in the record for service upon the plaintiffs other than their counsel's address. The court thus obtained an address and fax number for Vilner from the defendants' counsel, and the court sent the M&O to Vilner both by mail and by fax.[2] Both communications do appear to have reached their intended destinations, as the mail has not been returned as undeliverable and a confirmation was generated reflecting that the fax was transmitted and received at the telephone fax number to which it was sent. Nevertheless, as there exists no clear confirmation that the M&O was actually received by Vilner, dismissal without prejudice is the more prudent course.

\*     \*     \*     \*     \*     \*

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 10 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see, e.g., Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.), *cert. denied*, 113 S. Ct. 825 (1992); *Small v. Secretary of Health and Human Serv.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
April 8, 2009

---

[2] The address was consistent with the address stated for International Auto Mart in the plaintiffs' complaint, and with information in the online Super Pages directory relating to Michael Vilner.